**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:07CV16-02
(1:04CR117-02)**

| | | |
|---|---|---|
| **BOBBIE SUE BARNETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| _____ | ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, along with

certain other filings.  No response is necessary from the Government.


## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S. C. § 2255**.  However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On December 6, 2004, a one-count Bill of Indictment was filed, charging Petitioner, her husband and ten other individuals with conspiring to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.  **Bill of Indictment, filed December 6, 2004**.  On February 17, 2005, Petitioner entered into a written plea agreement with the Government wherein she agreed to plead guilty to the charge contained in the indictment.  **Plea Agreement, filed February 18, 2005**.  With respect to the offense conduct, the parties stipulated that the amount of methamphetamine that was known to or reasonably foreseeable by Petitioner was "at least 35 grams but less than 50 grams."  *Id.* **at 2**.  Also, by the terms of the plea agreement, the

Pettioner expressly waived her right to directly appeal her conviction or sentence, or to collaterally attack those matters on any grounds except ineffective assistance of counsel and/or prosecutorial misconduct. *Id.* **at 4-5**. The Petitioner further agreed that if she received a sentence within the guideline range as determined by the U.S. Probation Office, such sentence would be deemed "per se reasonable" by her. *Id.* **at 5**.

On February 24, 2005, Petitioner appeared before the Court for a Rule 11 Hearing. **Rule 11 Inquiry and Order Of Acceptance Of Plea, filed February 24, 2005.** At the hearing, the Magistrate Judge placed the Petitioner under oath and then engaged her in a lengthy colloquy to ensure that her guilty plea was being intelligently and voluntarily tendered. *Id.* In response to the Court's numerous questions, Petitioner reported that she is a high school graduate and had previously undergone psychiatric treatment and drug counseling. *Id.* **at 2.** However, Petitioner further clarified that she then was not under the influence of any narcotics or medications, nor under the care of a physician; and that her mind was clear and she understood that she was in Court for the purpose of entering a guilty plea which could not later be withdrawn. *Id.* **at 2-3.**

Petitioner also stated that she had reviewed the Indictment with her attorney, and she understood each element of the offense to which she was tendering her guilty plea. *Id.* **at 3-4 .** Furthermore, Petitioner swore to the Court that she had taken time to discuss with her attorney any possible defenses which she may have had to the charge; that she fully understood the proceeding and what she was doing; that she understood that if she had chosen to plead "not guilty" she could have proceeded to a trial where the Government would have had to prove all of the elements of her charge beyond a reasonable doubt; and that she understood that by tendering her guilty plea she was forfeiting her right to a jury trial and certain other rights. *Id.* **at 3-9.**

Petitioner swore that her guilty plea was voluntarily tendered, and not the result of coercion, threats or promises; that she understood that her guilty plea could not be withdrawn even if she received a sentence which was harsher than expected; that she was tendering her guilty plea because she, in fact, was guilty of the subject offense; that she wanted the Court to accept her guilty plea; that she was fully satisfied with the services of her attorney; and that she did not have any questions, statements or comments for the Court. *Id.* **at 8-10.** Thus, after hearing Petitioner's

answers to each of its questions, and finding that the Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted her guilty plea. *Id.* **at 10-11**.

On January 6, 2006, the Petitioner appeared before the undersigned for a factual basis and sentencing hearing. Petitioner stipulated that there was a factual basis to support her guilty plea. **Transcript Of Sentencing Hearing, at 2.**[1] In addition, Petitioner affirmed that counsel had reviewed the presentence report with her and she understood the contents of the report. *Id.* **at 3.**

Counsel for the Petitioner and the United States Attorney advised the Court that they had agreed the Petitioner should be subject to only a three-level enhancement based upon the danger which resulted from her having had a methamphetamine lab in her home, bringing Petitioner's Total Offense Level to 30, and her Criminal History Category to V. *Id.* Consequently, Petitioner was exposed to a range of 151 to 188 months imprisonment under the U.S. Sentencing Guidelines. *Id.* **at 4**.

_____

[1] The undersigned notes that he has reviewed a realtime transcript of the Petitioner's sentencing hearing that was prepared by the Official Court Reporter, Karen H. Miller. Such transcript comports with the undersigned's personal recollection of that proceeding.

Thereafter, defense counsel urged the Court to be lenient with Petitioner based upon her "physical condition and mental and emotional health[.]" *Id.* **at 5-10.** He explained that Petitioner had abused drugs for years; that she was previously diagnosed with bi-polar disorder; that she had been hospitalized for mental illness on a number of occasions; and that she had experienced a poor upbringing, including sexual abuse and parents who were drug addicts and gamblers. *Id.* Significantly, however, counsel ended his appeal by conceding that Petitioner actually was legally competent, knew right from wrong, and understood what was then taking place. *Id.* **at 7.**

For her part, Petitioner apologized to the Court, admitting that she "did wrong" but "didn't mean to hurt nobody [sic]." *Id.* **at 10.** Petitioner also said that she knew that she "need[ed] to be punished[.]" *Id.* The Court sentenced her to a term of 151 months imprisonment. *Id.* **at 11; Judgment In A Criminal Case, filed January 26, 2006.**

Petitioner did not directly appeal her conviction or sentence; therefore, her judgment became final 10 days later. ***United States v. Wilson*, 256 F.3d 217, 221 (4ᵗʰ Cir. 2001).** This motion filed January 9, 2007, is, therefore, timely.

## III.  DISCUSSION

First, Petitioner alleges that she received ineffective assistance of counsel in that counsel misled her to believe that by pleading guilty, she would have received a two year sentence, and he failed to raise her mental health history as an issue.  **Motion to Vacate, at 5**.  Second, Petitioner alleges that her mental incompetence precluded her from freely and intelligently entering into the plea agreement with the Government.  ***Id.* at 6**. Last, Petitioner alleges that her plea agreement is unenforceable because it was fraudulently induced by a false promise of a two-year sentence.  ***Id.* at 8**.

By her second and third claims,[2] Petitioner seeks to challenge the validity of her guilty plea and the enforceability of her plea agreement.  ***Id.* at 6, 8; Petitioner's Memorandum of Law in Support of Motion to Vacate, at 11-18.**  However, Petitioner did <u>not</u> file an appeal in which such matters could have been directly reviewed.

---

[2]The Court is mindful of the fact that in her document captioned as "Amendment to 28 U.S.C. §2255," filed April 23, 2007, the Petitioner has attempted to raise a sentencing challenge under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.  However, because that proposed claim is time-barred, does not relate back to any timely filed claims, and is procedurally defaulted, there will be no further discussion of that matter in this Memorandum.

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which [she] complains[,] or [she] must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." **United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152 (1982)); see also, Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).**

In the instant case, Petitioner does not mention, or otherwise attempt to explain the absence of an appeal. Nor does she attempt to establish a basis upon which her procedural default conceivably could be excused by the Court. Therefore, the Court finds that Petitioner's claims concerning the validity of her guilty plea and the enforcement of her plea agreement

have been procedurally defaulted, and she is not entitled to a review of the merits of those matters.[3]

Petitioner's remaining claim alleges that counsel was ineffective for having misled her to believe that by pleading guilty, she would have received a two year sentence, and by having failed to raise her "mental health history . . . as an issue." **Motion to Vacate, *supra*.** This allegation, however, is without merit.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that she was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689**; **see also, *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985)**; ***Hutchins***

---

[3] Even if these two claims were not procedurally defaulted, Petitioner still would not be entitled to a review. By the terms of her plea agreement, Petitioner waived her right to obtain collateral review for claims such as these, and the record establishes that her waiver is fully enforceable. **See**, ***United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).**

***v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)**; ***Marzullo v.***

***Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

      To demonstrate prejudice, the Petitioner must show a probability that

the alleged errors worked to her "'*actual* and substantial disadvantage,

infecting [her] trial with error of constitutional dimensions.'" ***Murray v.***

***Carrier*, 477 U.S. 478, 494 (1986) (quoting *Frady*, *supra*).**  Under these

circumstances, the Petitioner "bears the burden of proving *Strickland*

prejudice."  ***Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430-**

**31).**  Therefore, if the petitioner fails to meet this burden, a "reviewing court

need not consider the performance prong."  ***Id.* at 1290 (citing *Strickland*,**

**466 U.S. at 697)**.

      A petitioner who alleges ineffective assistance of counsel following

the entry of a guilty plea must meet an even higher burden.  **See, *Hill v.***

***Lockhart*, 474 U.S. 52, 53-59 (1985); *Fields*, *supra*, at 1294-99; *Hooper***

***v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)**.  The Fourth Circuit has

described a petitioner's additional burden in a post-guilty plea claim of

ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a
> guilty plea, [the] "prejudice" prong of the [Strickland] test is
> slightly modified.  [The Petitioner] "must show that there is a

reasonable probability that, but for counsel's errors, *he would not have pleaded guilty and would have insisted on going to trial."*

**Hooper, *supra*, at 475 (quoting *Hill*, *supra*, at 59) (emphasis added); accord, *Fields*, *supra*, at 1297**.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." ***Fields*, at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)); accord, *United States v. Lemaster*, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).**

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that she cannot prevail in this matter. Indeed, Petitioner has failed even to hint that but for counsel's alleged errors she would have pled not guilty and proceeded to trial. Thus, notwithstanding any other matters, Petitioner's claim is doomed by that failure.

Furthermore, the sworn answers provided by the Petitioner during the Rule 11 hearing tend to establish that her guilty plea was "voluntary and not the result of . . . promises other than those contained in the written plea agreement, if any;" that she was "entirely satisfied" with her attorney's services; and that she had no additional matters to bring to the Court's attention.  **Rule 11 Inquiry and Order of Acceptance of Plea, at 8.**   Such sworn statements simply cannot be set aside merely on the basis of Petitioner's belated assertions to the contrary.

With respect to Petitioner's assertion that counsel failed to raise the issue of her mental health history, the record establishes that this contention is factually erroneous.  During the Rule 11 Hearing, Petitioner's past mental diagnoses, periods of treatment and hospitalizations all were reported to the Court.  *Id.* **at 2**.  Again, during the sentencing hearing, Petitioner's counsel gave a more detailed recitation of her mental health condition and relied upon that information in urging the Court to be lenient with regards to the term of imprisonment.  As is apparent from the record, defense counsel's appeal was successful inasmuch as the Court imposed a sentence at the lowest end of the sentencing range advised by the Guidelines.

Moreover, putting aside Petitioner's self-serving post-conviction claims to the contrary, the record before the Court fails to establish that Petitioner actually could have met the test for mental incompetency.  To be sure, the answers which Petitioner gave during the Rule 11 hearing simply do not support a conclusion that Petitioner lacked "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding and . . . [she lacked] a rational as well as factual understanding of the proceedings against [her]."  ***Dusky v. United States*, 362 U.S. 402 (1960); accord, *United States v. General*, 278 F.3d 389, 395-96 (4th Cir. 2002) (quoting *Dusky* definition); *United States v. Crump*, 120 F.3d 462, 467 (4th Cir. 1997) (applying test and finding defendant competent despite evidence of "aberrant" behavior and "alleged suicide attempt").**

Finally, even assuming that counsel was ineffective for not having made more of an issue of Petitioner's mental health history, it is well settled that "a guilty plea constitutes a waiver of all nonjurisdictional defects, including 'the right to contest the factual merits of the charges.'" ***United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (quoting *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982)) (other internal citations**

**omitted).**  A defendant who pleads guilty may not later challenge any nonjurisdictional errors, including an alleged deprivation of constitutional rights, that occurred prior to the entry of such guilty plea.  ***Tollett v. Henderson*, 411 U.S. 258  (1973)**.

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,"  the second prong of *Strickland* need not be reached.

The Court, therefore, finds the Petitioner is not entitled to any relief on her claims because two of them have been procedurally defaulted and the other is both factually and legally baseless.  Therefore, Petitioner's motion is summarily dismissed.


**IV.  ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is **DENIED.**  A Judgment dismissing this action is filed herewith.

Signed: May 9, 2007

Lacy H. Thornburg
United States District Judge